1  AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
   ALLEN MATKINS LECK GAMBLE
2    MALLORY & NATSIS LLP
   501 West Broadway, 15th Floor
3  San Diego, California 92101-3541
   Phone: (619) 233-1155
4  Fax: (619) 233-1158
   E-Mail: awintersheimer@allenmatkins.com
5
   Attorneys for Defendant
6  T-MOBILE USA, INC.

```
                                          FILED
                               CLERK, U.S. DISTRICT COURT

                                   MAY 2 5 2012
                                     12:30

                               CENTRAL DISTRICT OF CALIFORNIA
                               BY                        DEPUTY
```

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  BRITTANY SMITH, an individual,        Case No. CV12-4593 -SJO
                                                              (JHx)
12              Plaintiff,               NOTICE OF REMOVAL OF ACTION
                                          UNDER 28 U.S.C. § 1441(b)
13        v.                              (DIVERSITY)

14  T-MOBILE USA, INC., a Delaware        Complaint Filed:   April 20, 2012
    Corporation; and DOES 1 through 20,
15  inclusive,

16              Defendants.

17

18       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19       PLEASE TAKE NOTICE that Defendant T-Mobile USA, Inc. ("Defendant")

20  hereby removes to the United States District Court for the Central District of

21  California, the action pending in the Superior Court of the State of California in and

22  for the County of Los Angeles , Case No. BC483194, and states as follows:

23       1.    On April 20, 2012, an action was commenced in the Superior Court of

24  the State of California in and for the County of Los Angeles ("Superior Court")

25  entitled "Brittany Smith, Plaintiff v. T-Mobile USA, Inc., a Delaware Corporation;

26  and DOES 1 through 20, inclusive, Defendants," as Case Number BC483194

27  ("Action").

28  / / / / /

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
786193.01/SD                                            NOTICE OF REMOVAL

2.      Service of the Summons and Complaint in this Action ("Complaint") was completed on April 25, 2012. Copies of all court documents received by Defendant, including the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, ADR Information Package and Voluntary Efficient Litigation Stipulations are attached hereto as Exhibit "A".

3.      Defendant's removal is timely in that this Notice of Removal is filed within thirty (30) days of service of the Complaint upon Defendant. 28 U.S.C. § 1446(b). In addition, no other defendants are required to join in this Notice of Removal because no other defendants have been named or served.

4.      This Court has original, but not exclusive, jurisdiction over this Action under 28 U.S.C. § 1332. This Action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      Defendant is informed and believes, and Plaintiff alleges in Paragraph 2 of the Complaint, that Plaintiff Brittany Smith is a resident of the County of Los Angeles, State of California.

6.      Defendant is currently, and was at the time of filing of the Complaint, a corporation formed under the laws of the State of Delaware, having its principal place of business in the State of Washington.

7.      Promptly after filing this Notice of Removal, Defendant will serve all adverse parties with the Notice to Superior Court and Adverse Parties of Removal to Federal Court. A copy of this Notice is attached hereto as Exhibit "B".

8.      On May 24, 2012, Defendant filed its Answer to the Complaint with the Superior Court. Attached hereto as Exhibit "C" is a true and correct copy of Defendant's Answer.

/ / / / /

/ / / / /

9.      Exhibits "A", "B" and "C" to this Notice of Removal constitute all process, pleadings and orders served upon Defendant in this action, or filed by Defendant with the Superior Court.

Dated:  May 25, 2012

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _Amy Wintersheimer Findley_
AMY WINTERSHEIMER FINDLEY
Attorneys for Defendant
T-MOBILE USA, INC.

<div align="center">

**PROOF OF SERVICE**

</div>

I am employed in the County of San Diego, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 501 West Broadway, 15th Floor, San Diego, California 92101-3541.

On May 25, 2012, I served the within document(s) described as:

- NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

on the interested parties in this action as stated below:

| | |
|---|---|
| Glenn E. Lerman, Esq.<br>Karen E. Pointer, Esq.<br>LERMAN POINTER & SPITZ LLP<br>12100 Wilshire Blvd., Suite 600<br>Los Angeles, CA 90025 | Attorneys for Plaintiff BRITTANY SMITH<br>**Served via Mail**<br><br>Telephone: (310) 229-9800<br>Facsimile: (310) 229-9804 |

☒ **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in San Diego, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on May 25, 2012, at San Diego, California.

Susan L. Pierson
_____
(Type or print name)

_____
(Signature of Declarant)

**EXHIBIT "A"**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** T-Mobile USA, Inc., a Delaware
*(AVISO AL DEMANDADO):* Corporation, and DOES 1 through
20, Inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 20 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Rugena Juliane

**YOU ARE BEING SUED BY PLAINTIFF:** Brittany Smith, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*
BC 480194

Los Angeles Superior Court - Central District
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, California 90017

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Glenn E. Lerman, Esq. - SBN 142840       (310) 229-9800   (310) 229-9804
LERMAN POINTER & SPITZ LLP
12100 Wilshire Boulevard
Los Angeles, California

JOHN A. CLARKE, CLERK       Rugena Juliane

DATE:      APR 20 2012                    Clerk, by _____, Deputy
*(Fecha)*                                 *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* T-Mobile USA, Inc., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

1   Glenn E. Lerman, Esq. (State Bar No. 142840)
    Karen E. Pointer, Esq. (State Bar No. 175063)
2   **LERMAN POINTER & SPITZ LLP**
    12100 Wilshire Boulevard
3   Suite 600
    Los Angeles, California 90025
4   (310) 229-9800 – Telephone
    (310) 229-9804 – Facsimile
5   glerman@lpslawfirm.com

6   Attorneys for Plaintiff Brittany Smith

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 20 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Rigena Juliano

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10  BRITTANY SMITH, an individual,        ) CASE NO.:   BC48319 4
                                          )
11                Plaintiff,              ) COMPLAINT FOR DAMAGES:
                                          )
12         v.                             ) 1.  RELIGIOUS
                                          )     DISCRIMINATION/FAILURE TO
13  T-MOBILE USA, INC., a Delaware        )     ACCOMMODATE RELIGIOUS
    Corporation; and DOES 1 through 20,   )     BELIEFS (GOVT. CODE SECTION
14  Inclusive,                            )     12940(l));
                                          )
15                                        ) 2.  RETALIATION FOR OPPOSING
                  Defendants.             )     UNLAWFUL DISCRIMINATION
16                                        )     (GOVT. CODE SECTION 12940(h));
                                          )
17                                        ) 3.  FAILURE TO PREVENT
                                          )     DISCRIMINATION AND
18                                        )     RETALIATION (GOVT. CODE
                                          )     SECTION 12940(k));
19                                        )
                                          ) 4.  WRONGFUL CONSTRUCTIVE
20                                        )     TERMINATION IN VIOLATION OF
                                          )     PUBLIC POLICY;
21                                        )
                                          ) 5.  INTENTIONAL INFLICTION OF
22                                        )     EMOTIONAL DISTRESS.

23                        DEMAND FOR JURY TRIAL

24

25                 COMPLAINT FOR DAMAGES

26      Plaintiff Brittany Smith complains of T-Mobile USA, Inc. and Does 1 through 20, and each

27  of them, as follows:

28

                                    1
                               COMPLAINT

1      In this case, T-Mobile USA, Inc. ("T-Mobile") callously and arrogantly discriminated

2 against Plaintiff Brittany Smith by repeatedly refusing to accommodate her religious needs not to

3 work on the Sabbath. T-Mobile's discrimination was carried out by two store managers, a district

4 manager, and by T-Mobile's Human Resources Department. When Ms. Smith complained that

5 T-Mobile was forcing her to choose between her faith and her job, T-Mobile suggested that she

6 find another line of work. Adding insult to injury, T-Mobile then retaliated against Ms. Smith by

7 writing her up for something that had occurred approximately a month earlier.

8

9      Plaintiff Smith brings this action against Defendant T-Mobile USA, Inc. ("T-Mobile") for

10 discrimination based on religion and failure to accommodate a religious belief in violation of the

11 California Fair Employment and Housing Act (FEHA), Government Code Section 12940, *et seq.*,

12 retaliation in violation of FEHA, failure to prevent retaliation in violation of FEHA, wrongful

13 constructive termination in violation of public policy, and intentional infliction of emotional

14 distress. The California Department of Fair Employment and Housing ("DFEH") has issued a

15 Right To Sue Notice for Plaintiff as to T-Mobile. Ms. Smith now brings this case to vindicate her

16 right to be free from discrimination, retaliation and acts intended to cause her emotional distress.

17

18                       **GENERAL ALLEGATIONS**

19     1.     This action involves an employee who was subjected to egregious acts of

20 discrimination by her employer, retaliated against by her employer for complaining about such

21 discrimination, and ultimately wrongfully constructively discharged by T-Mobile when it forced

22 her to choose between her religious beliefs and her job.

23

24     2.     Plaintiff Brittany Smith ("Ms. Smith") is a woman who resides in Los Angeles

25 County, California.

26

27

28

3.      Plaintiff is informed and believes that Defendant T-Mobile USA, Inc. ("T-Mobile") is, and at all times relevant herein has been, a Delaware corporation authorized to do business in California, and is located in and doing business in Los Angeles County, California.

4.      Plaintiff is informed and believes that DOES 1 through 20 are all individuals or private companies, organized and/or authorized to do business in State of California, and do business in Los Angeles County.

5.      Plaintiff is informed and believes that T-Mobile and DOES 1 through 20 (collectively referred to herein as "Defendants") are "employers" as defined in Government Code Sections 12940 *et seq.* and, therefore, subject to the provisions of said sections.

6.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, Inclusive, and therefore sues these DOE defendants by such fictitious names and capacities. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named DOE defendant is responsible in some manner for the events herein alleged and that the injuries to Plaintiff herein alleged were proximately caused by the conduct of such DOE defendants.

7.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein Defendants and each of them, was the agent, alter ego, joint-employer, employee of, and/or joint venturer with, or working in concert with, its/his/her Co-Defendants and was acting within the course and scope of such agency, employment and/or joint venturer or concerted activity when committing the acts described herein. To the extent that said conduct was perpetuated by certain Defendants, the remaining Defendants and DOES confirmed, adopted, approved, and/or ratified the same.

3

**COMPLAINT**

8.      Whenever and wherever references are made in this complaint to any conduct by Defendants, or DOES, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally.

9.      Whenever and wherever references are made to T-Mobile affiliated individuals or DOES who are not named as Defendants in this Complaint, but were employees/agents of Defendants, such individuals at all relevant times acted on behalf of named Defendants and/or DOES within the scope of their respective employments.

10.     Ms. Smith began her career at T-Mobile on February 10, 2010, in the position of Retail Sales Associate.  Since that time, Ms. Smith has proven herself to be an exemplary employee.  By means of example, in February, 2012, Ms. Smith led the Hollywood, California market in activations.  All indications pointed to Ms. Smith rising within the T-Mobile family and building a bright career.  Everything changed, however, once Ms. Smith requested a reasonable accommodation for her closely held religious beliefs.

11.     During the last months of her employment with T-Mobile, Ms. Smith was in the process of converting to Judaism.  She was actively pursuing her conversion through an Orthodox temple, to become an Orthodox Jew.  As such, she was Sabbath observant and was not supposed to work from sundown on Friday until sundown on Saturday.  Under the tenets of her religion, Ms. Smith had to be absolutely Sabbath observant for a period of six months before she would be able to complete her conversion to Judaism.

12.     Because of her strongly held religious beliefs, on or about December 20, 2011, Ms. Smith approached her then manager at store number 8841, Stephanie Miller, and told her that she was converting to Judaism and was now Sabbath observant.  As such, she told Ms. Miller that she needed to have Saturdays off from work as being Sabbath observant was an absolute

4

**COMPLAINT**

1   requirement of her religion, not a choice.  In response, Ms. Miller told Ms. Smith that she could

2   not have Saturdays off.  Ms. Miller scoffed, "I'm a manager and I don't even have Saturdays off."

3

4          13.      Ms. Smith was devastated.  She could not believe that T-Mobile would not

5   accommodate her religious needs.  She knew that she never would be able to convert to Judaism

6   if she was not Sabbath observant.  However, she desperately needed her job at T-Mobile to

7   provide for her basic living necessities.  Incredibly, T-Mobile was forcing Ms. Smith to choose

8   between her religion and her job.  At that time, Ms. Smith decided that she needed her job.

9

10         14.      Approximately one week later, Ms. Smith was told that she was being transferred

11  to the Westwood store (number 7404).  Ms. Smith started work at the Westwood store on January

12  1, 2012.  Approximately one week after starting at this location, Ms. Smith mustered up the

13  courage to speak with Jody Kranicki, the manager of the Westwood store, about her need for a

14  religious accommodation.  Amazingly, Ms. Kranicki was rude when she spoke to Ms. Smith.

15  Ms. Kranicki told Ms. Smith that she had spoken with Ms. Miller previously about this issue, and

16  flatly stated, "No, we cannot give you Saturdays off.  T -Mobile didn't hire you with the

17  understanding that you needed the Sabbath off."  Ms. Kranicki went on to lecture our client that,

18  "It's gonna be pretty hard finding a retail job if you need Saturdays off."  Ms. Kranicki's tone was

19  harsh, and she made it clear to Ms. Smith that she was annoyed that Ms. Smith had even asked

20  her about this accommodation when her prior manager had already told her she could not have

21  the Sabbath off for religious observance.

22

23         15.      Once again Ms. Smith was crushed.  Not only did she not receive the

24  accommodation she so dearly needed, but also she felt that her manager now harbored animosity

25  towards her for asking for an accommodation in the first place.  Ms. Smith began to worry about

26  the security of her job.

27

28

5

**COMPLAINT**

16.      Distraught and feeling like she had few options, Ms. Smith reached out to T-Mobile's Human Resources Department for help. Unfortunately, instead of receiving assistance, Ms. Smith was given the run around. Ms. Smith was told that she had to contact her local Human Resources Department, and was given the name and telephone number of Pauline Thomke. Unfortunately, despite Ms. Smith's calling Ms. Thomke and leaving messages for weeks, she was never contacted. In essence, despite being desperate enough to contact T-Mobile Human Resources for help, with the added fear that doing so would anger her manager and hurt her career, Human Resources flatly ignored her calls and messages. Each time Ms. Smith's messages to Human Resources went unanswered, she felt more and more alone and vulnerable.

17.      Finally, on February 18, 2012, Ms. Smith wrote an e-mail to Pauline Thomke. That e-mail, attached hereto as Exhibit "A," confirms the following pertinent facts:

- Ms. Smith has been trying to reach Ms. Thomke for weeks.
- Ms. Smith is Sabbath observant and absolutely needs to have Saturdays off.
- Ms. Smith's manager refused this accommodation.
- Ms. Smith believes the law mandates this accommodation.

Ms. Thomke responded three days later and said that she would contact Ms. Smith the following day to set up a time to speak. Ms. Thomke did not follow through on her promise for yet another week.

18.      In the interim, and desperate for a religious accommodation, Ms. Smith wrote an e-mail to her supervisor again asking for a religious accommodation. The February 21, 2012 e-mail to Ms. Kranicki is attached hereto as Exhibit "B." In this e-mail, Ms. Smith asked "once more" about having days off for Sabbath observance. Ms. Smith emphasized that "this is not an option but an obligation for her" pursuant to her religious beliefs. Ms. Smith politely ended her correspondence with the following:

6

**COMPLAINT**

1  "This is very important to me, and I will be waiting for your response....hoping it will be

2  different this time.  Can I please have off for Sabbath observance??  Thanks Jody!"

3

4  Rudely, Ms. Kranicki simply ignored Ms. Smith's plea and never responded to the email.

5

6      19.      Feeling like she was being completely stonewalled by T-Mobile, Ms. Smith took

7  the rather extraordinary step directly to write to  T-Mobile's Chief Executive Officer, Philipp

8  Humm.  On February 26, 2012, Ms. Smith sent a certified letter to Mr. Humm, with the subject

9  line, "Denial of Time Off for Sabbath Observance."  In the letter, a copy of which is attached

10  hereto as Exhibit "C," Ms. Smith stated:

11      •      That she is Sabbath observant and needs a religious accommodation.

12      •      That managers from her previous and current stores denied her the

13          accommodation.

14      •      That having Sabbath off was a requirement of her religion and not a choice.

15      •      That she is willing to work any other days or shifts to make up for her needing to

16          be Sabbath observant.

17

18      Ms. Smith concluded her letter with the following, "Thank you for your time and I look

19  forward to hearing back from you as soon as possible."

20

21      20.      Unfortunately, Ms. Smith received absolutely no response from Mr. Humm or

22  anyone else at T-Mobile.  Once again, Ms. Smith was distraught about her career and panicked

23  about her future.  Despite reaching out for help to two different managers, Human Resources and

24  the CEO of T-Mobile, no help was provided.

25

26      21.      After waiting six days without so much as an acknowledgment of receipt of

27  Ms. Smith's February 21st e-mail to her store manager, on February 27, 2012, Ms. Smith

28  forwarded the February 21st e-mail to Ms. Kranicki and wrote,

7

COMPLAINT

1   "Hey Jody, I was just wondering if you got this e-mail? I sent it to you last week. I did not

2   get a response, but I have got other e-mails from you. Just making sure you got it. Thanks!

3   Hope to hear from you soon."

4

5   This February 27, 2012 e-mail is attached hereto as Exhibit "D." Again, Ms. Kranicki completely

6   ignored this e-mail.

7

8   22.    On February 29, 2012, Ms. Thomke finally made the time to speak with Ms. Smith

9   about her request for an accommodation. Shockingly, instead of protecting Ms. Smith and

10  ensuring the law was followed, Ms. Thomke simply stated:

11      •   That "from a business standpoint of things, T-Mobile will not accommodate

12          [Ms. Smith's] needs for Sabbath observance."

13      •   That "if [Ms. Smith] needed to have the Sabbath off, [she] should find a job that

14          will accommodate [her] religious needs."

15      •   That Ms. Thomke had spoken with Ms. Smith's District Manager (Paul Lee), and

16          suggested that he speak with Ms. Smith. But that there would be no

17          accommodation for Sabbath observance.

18

19  23.    The next day, Ms. Smith wrote Ms. Thomke an e-mail recapping their telephone

20  conversation of the previous day. That March 1, 2012 e-mail is attached hereto as Exhibit "E."

21  In this e-mail, Ms. Smith not only confirmed the substance of the prior conversation, but also

22  communicated to Ms. Thomke that rather than speak with her, Paul Lee, her District Manager,

23  had instead spoken with Ms. Kranicki about the need for the religious accommodation.

24  Ms. Smith told Ms. Thomke that Ms. Kranicki had once again told Ms. Smith that T-Mobile

25  absolutely will not accommodate her religious needs. In short, Human Resources, the District

26  Manager, and both Ms. Miller and Ms. Kranicki had denied the request for an accommodation.

27  Dumbfounded and distressed, Ms. Smith asked Ms. Thomke to confirm these facts in writing.

28

8

**COMPLAINT**

24.     In the only timely response anyone has ever given to Ms. Smith, five minutes later, Ms. Thomke e-mailed our client with this curt and simply ludicrous response:

"What you are stating is not accurate based on our conversation. I suggested you request [sic] it through your leadership team. Thank you."

Simply put, this response is insulting. Ms. Smith had just written Ms. Thomke and told her that "her leadership" (both her manager and her district manager) "told [Ms. Smith] once again that T-Mobile will not let [her] have off for Sabbath observance."

25.     On March 1, 2012, the same day Ms. Thomke sent her hurtful e-mail to our client, Ms. Kranicki called Ms. Smith into her office.  In that meeting, Ms. Kranicki stated:

- That she had spoken to Ms. Thomke, who informed her that Ms. Thomke had spoken to our client about the requested accommodation.
- That Ms. Smith has now been told that she cannot have her requested accommodation to have off for Sabbath by Ms. Kranicki, by her former manager Ms. Miller, by her District Manager Paul Lee, and now by T-Mobile Human Resources.
- That this was the <u>third</u> conversation on the same topic, and that Ms. Smith now knows the answer – that Ms. Smith will not be accommodated.
- That Ms. Smith needs to choose between her T-Mobile job and her need to have the Saturdays off.

26.     Ms. Kranicki's tone and demeanor were condescending and demeaning. Ms. Smith then told Ms. Kranicki that she understood, and asked her to put T-Mobile's response in writing. Ms. Kranicki became hostile and flatly refused.  She further refused to respond to our client's previous two e-mails. Ms. Smith asked why this was such a problem.  In response,

COMPLAINT

1   Ms. Kranicki said she would have to contact Human Resources to see if she could respond in

2   writing.

3

4       27.     To add insult to injury, Ms. Kranicki told Ms. Smith that she was being

5   reprimanded for violating T-Mobile's policies in connection with her opening the store late

6   approximately one month earlier. It became absolutely clear to Ms. Smith that she would never

7   be treated fairly again at T-Mobile. As a result of asking for a religious accommodation, Ms.

8   Smith's career was hopelessly derailed.

9

10      28.     The next day, on March 2, 2012, Ms. Smith spoke to Paul Lee, her District

11  Manager about the accommodation issue. Mr. Lee told our client that T-Mobile would not

12  accommodate her need for having the Sabbath off. What Mr. Lee said, however, was that he

13  "doesn't want to see [Ms. Smith] put [herself] through this." Mr. Lee also stated that he "is not

14  trying to push [Ms. Smith] away, but if [she] has other job offers through her rabbi that

15  accommodate [her] needed day off that [she] should take them."

16

17      29.     On March 3, 2012, Ms. Smith confirmed recent events in an e-mail to

18  Ms. Thomke. A copy of Ms. Smith's March 3rd e-mail is attached hereto as Exhibit "F."

19

20      30.     After two and one half months of being repeatedly, and often rudely, told "no, we

21  will not accommodate you," and that she has to choose between her religion and her job,

22  Ms. Smith reluctantly submitted a letter to T-Mobile telling them that she considered herself to be

23  constructively terminated.

24

25      31.     On or about March 12, 2012, Ms. Smith filed with the Department of Fair

26  Employment and Housing ("DFEH") as Charge No. E20111ZR8332-00 a charge against

27  T-Mobile alleging failure to accommodate religious needs, harassment, constructive discharge,

28

10

**COMPLAINT**

1   retaliation and failure to prevent discrimination or retaliation.  A true and correct copy of the

2   DFEH Charge is attached hereto as Exhibit "G" and is incorporated herein by this reference.

3

4                          **FIRST CAUSE OF ACTION**

5       **Violation of Government Code Section 12940 (a) - (d) and (l) – Religious**

6          **Discrimination and Failure to Accommodate Religious Preferences**

7                        **[Plaintiff Against All Defendants]**

8

9        32.     Plaintiff realleges Paragraphs 1 through 31 of this Complaint and incorporates

10  them by this reference.

11

12       33.     At all times relevant herein, Ms. Smith held a bona fide religious belief in

13  Judiasm.  Ms. Smith's religious creed included the observance of the Sabbath.  This closely held

14  religious belief mandated that she not work from sundown on Fridays until sundown on

15  Saturdays.

16

17       34.     On multiple occasions as stated herein, Ms. Smith notified T-Mobile, both in

18  writing and orally, that she was Sabbath observant under her religion, and that she needed to have

19  the Sabbath off for religious reasons.  Ms. Smith thus informed T-Mobile on multiple occasions

20  that her closely held religious beliefs conflicted with her T-Mobile job duties.

21

22       35.     T-Mobile refused to accommodate Ms. Smith's need for a religious

23  accommodation, and told her that she needed to choose between her religious beliefs and her job.

24  In so doing, T-Mobile, in violation of Government Code section 12940 et. seq., discriminated

25  against Plaintiff in connection with the terms and privileges of her employment based on her

26  religion.

27

28

                                    11

                               COMPLAINT

36.     Defendants, and each of them, through their agents and employees, knew or reasonably should have known that their acts and failures to act as alleged herein would result in Plaintiff's severe emotional distress, and said conduct was perpetrated by Defendants, and each of them, with the intent to inflict, or with reckless disregard of the probability of inflicting, humiliation, mental anguish, and severe emotional distress upon Ms. Smith.

37.     As a direct and proximate result of Defendants' unlawful acts and failure to act, (1) Ms. Smith has suffered and will continue to suffer pain and suffering, severe mental anguish and emotional distress; (2) Ms. Smith has incurred and will continue to incur expenses related thereto; and (3) Ms. Smith has suffered and continues to suffer a loss of earnings and other employment benefits. Ms. Smith is therefore entitled to general and compensatory damages in amounts to be proven at trial.

38.     In committing the wrongful acts and failures to act described above, Defendants, and each of them, knew their actions were unlawful, committed such acts either maliciously, fraudulently, and oppressively and with the wrongful intention of injuring Ms. Smith, with an improper motive amounting to malice, and/or in conscious disregard of Ms. Smith's rights. By reason of said conduct, Ms. Smith is entitled to recover exemplary damages from Defendants and each of them.

39.     As a further, direct and proximate result of Defendant's violation of Cal. Gov't Code § 12900 et seq., as heretofore described, Ms. Smith has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Ms. Smith requests that attorneys' fees be awarded pursuant to Cal. Gov't Code § 12965.

12

COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of Government Code Section 12940 (h) – Retaliation

### [Plaintiff Against All Defendants]

40.     Plaintiff realleges Paragraphs 1 through 31, and 33 through 39 of this Complaint and incorporates them by this reference.

41.     At all relevant times herein, and in violation of Government Code section 12940, subdivision (h), Defendants and/or their agents/employees retaliated against Ms. Smith for complaining about discriminatory treatment, about T-Mobile's failure to prove her with a religious accommodation, and about the subsequent retaliation to which she was subjected after complaining about discrimination.  By doing the acts set forth hereinabove, including reprimanding Ms. Smith for acts which took place approximately one month earlier, defendants further retaliated against Ms. Smith and/or failed to prevent retaliation, and failed to take immediate and appropriate corrective action.  Rather, Defendants set in motion a series of actions designed to force Ms. Smith out of the company.

42.     Defendants, and each of them, through their agents and employees, knew or reasonably should have known that their acts and failures to act as alleged herein would result in Ms. Smith's severe emotional distress, and said conduct was perpetrated by Defendants, and each of them, with the intent to inflict, or with reckless disregard of the probability of inflicting, humiliation, mental anguish, and severe emotional distress upon Ms. Smith.

43.     As a direct and proximate result of Defendants' unlawful acts and failure to act, (1) Ms. Smith has suffered and will continue to suffer pain and suffering, severe mental anguish and emotional distress; (2) Ms. Smith has incurred and will continue to incur expenses related thereto; and (3) Ms. Smith has suffered and continues to suffer a loss of earnings and other

13

1    employment benefits.  Ms. Smith is therefore entitled to general and compensatory damages in

2    amounts to be proven at trial.

3

4        44.    In committing the wrongful acts and failures to act described above, Defendants,

5    and each of them, knew their actions were unlawful, committed such acts either maliciously,

6    fraudulently, and oppressively and with the wrongful intention of injuring Ms. Smith, with an

7    improper motive amounting to malice, and/or in conscious disregard of Ms. Smith's rights.  By

8    reason of said conduct, Ms. Smith is entitled to recover exemplary damages from Defendants and

9    each of them.

10

11        45.    As a further, direct and proximate result of Defendant's violation of Cal. Gov't

12   Code § 12900 et seq., as heretofore described, Ms. Smith has been compelled to retain the

13   services of counsel in an effort to enforce the terms and conditions of her employment

14   relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and

15   costs, the full nature and extent of which are presently unknown to her.  Ms. Smith requests that

16   attorneys' fees be awarded pursuant to Cal. Gov't Code § 12965.

17

18                          **THIRD CAUSE OF ACTION**

19                   Violation of Government Code Section 12940 (k)

20                   Failure to Remedy and Prevent Retaliation

21                     [Plaintiff Against All Defendants]

22

23        46.    Plaintiff realleges Paragraphs 1 through 31, 33 through 39, and 41 through 45 of

24   this Complaint and incorporates them by this reference.

25

26        47.    In violation of Government Code section 12940, subdivision (k), Defendants

27   and/or their agents/employees failed to take all reasonable steps necessary to prevent

28   discrimination against Ms. Smith and to prevent retaliation against her for complaining about

                                    14

1    discriminatory treatment and retaliation.  In addition, Defendants failed to remedy such retaliation

2    when they learned it was occurring.  In that regard, Defendants failed to train and failed to

3    supervise and monitor its managing agents.

4

5        48.      Defendants' failure to take reasonable steps to prevent retaliation fostered, created,

6    and encouraged an environment where such discrimination and retaliation was condoned,

7    encouraged, tolerated, sanctioned and/or ratified.

8

9        49.      Defendants, and each of them, through their agents and employees, knew or

10   reasonably should have known that their acts and failures to act as alleged herein would result in

11   Ms. Smith's severe emotional distress, and said conduct was perpetrated by Defendants, and each

12   of them, with the intent to inflict, or with reckless disregard of the probability of inflicting,

13   humiliation, mental anguish, and severe emotional distress upon Ms. Smith.

14

15       50.      As a direct and proximate result of Defendants' unlawful acts and failure to act,

16   (1) Ms. Smith has suffered and will continue to suffer pain and suffering, severe mental anguish

17   and emotional distress; (2) Ms. Smith has incurred and will continue to incur expenses related

18   thereto; and (3) Ms. Smith has suffered and continues to suffer a loss of earnings and other

19   employment benefits.  Ms. Smith is therefore entitled to general and compensatory damages in

20   amounts to be proven at trial.

21

22       51.      In committing the wrongful acts and failures to act described above, Defendants,

23   and each of them, knew their actions were unlawful, and committed such acts either maliciously,

24   fraudulently, and oppressively and with the wrongful intention of injuring Ms. Smith with an

25   improper motive amounting to malice, and/or in conscious disregard of Ms. Smith's rights.  By

26   reason of said conduct, Ms. Smith is entitled to recover exemplary damages from Defendants and

27   each of them.

28

<div align="center">15</div>

<div align="center">COMPLAINT</div>

52.     As a further, direct and proximate result of Defendant's violation of Cal. Gov't Code § 12900 *et seq.*, as heretofore described, Ms. Smith has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Ms. Smith requests that attorneys' fees be awarded pursuant to Cal. Gov't Code § 12965.

## FOURTH CAUSE OF ACTION

### Wrongful Constructive Termination in Violation of Public Policy

[Plaintiff Against All Defendants]

53.     Plaintiff realleges Paragraphs 1 through 31, 33 through 39, 41 through 45, and 47 through 52 of the Complaint and incorporates them by their reference.

54.     T-Mobile intentionally and/or knowingly permitted working conditions that were so intolerable or aggravated at the time of Ms. Smith's resignation that a reasonable employer would realize that a reasonable person in Ms. Smith's position would be compelled to resign.

55.     T-Mobile knew that Ms. Smith could not be Sabbath observant and thus practice her religion and work Saturdays at T-Mobile. Further, T-Mobile flat out told Ms. Smith that "she should go find another job," "not work in the retail industry," or "quit T-Mobile if she had another job which would accommodate her religious beliefs." In so acting, T-Mobile intentionally and/or knowingly created intolerable working conditions which amounted to a continuous pattern of objectionable conduct.

56.     T-Mobile had actual knowledge of the intolerable conditions which led to Ms. Smith's resignation. Moreover, T-Mobile created the intolerable conditions and failed to remedy them, thereby forcing Ms. Smith to resign her employment.

16

COMPLAINT

57.    Ms. Smith is informed and believes, and based thereon alleges, that T-Mobile expressly intended to cause Ms. Smith to resign her employment.

58.    Ms. Smith notified T-Mobile management both in writing and orally on multiple occasions of the intolerable working conditions.

59.    Defendants' action in constructively terminating Ms. Smith based on her religion and her closely held religious beliefs, and because of her opposition to the unlawful discrimination and retaliation constitutes the wrongful constructive termination of Ms. Smith in violation of California public policy embodied in the California Fair Employment and Housing Act ("FEHA").

60.    As a result of the wrongful and retaliatory termination, Ms. Smith has suffered and continues to suffer substantial injury, including, without limitation, loss of compensation and other employment benefits, and emotional distress. The exact amount of said injury is in excess of the jurisdiction of the court and will be proven at trial.

61.    Defendants, and each of them, through their agents and employees, knew or reasonably should have known that their acts and failures to act as alleged herein would result in Ms. Smith's severe emotional distress, and said conduct was perpetrated by Defendants, and each of them, with the intent to inflict, or with reckless disregard of the probability of inflicting, humiliation, mental anguish, and severe emotional distress upon Ms. Smith.

62.    As a direct and proximate result of Defendants' unlawful acts and failure to act, (1) Ms. Smith has suffered and will continue to suffer pain and suffering, severe mental anguish and emotional distress; (2) Ms. Smith has incurred and will continue to incur expenses related thereto; and (3) Ms. Smith has suffered and continues to suffer a loss of earnings and other

17

COMPLAINT

1    employment benefits.  Ms. Smith is therefore entitled to general and compensatory damages in

2    amounts to be proven at trial.

3

4         63.    In committing the wrongful acts and failures to act described above, Defendants,

5    and each of them, knew their actions were unlawful, and committed such acts either maliciously,

6    fraudulently, and oppressively and with the wrongful intention of injuring Ms. Smith, with an

7    improper motive amounting to malice, and/or in conscious disregard of Ms. Smith's rights.  By

8    reason of said conduct, Ms. Smith is entitled to recover exemplary damages from Defendants and

9    each of them.

10

11                          **FIFTH CAUSE OF ACTION**

12                    **Intentional Infliction of Emotional Distress**

13                        **[Plaintiff Against All Defendants]**

14

15         64.    Plaintiff realleges Paragraphs 1 through 31, 33 through 39, 41 through 45, 47

16    through 52, and 54 through 63 of the Complaint and incorporates them by this reference.

17

18         65.    The conduct of Defendants, and each of them, as alleged above was outrageous

19    and outside the normal scope of the employment relationship.  Specifically, Defendants'

20    retaliation against Ms. Smith for lodging her complaints, in violation of FEHA, constitute

21    extreme and outrageous conduct outside of the normal scope of the employment relationship.

22    Similarly, Defendants' repeated refusal by multiple management personnel, including human

23    resources, to accommodate Ms. Smith's religious needs is also extreme and outrageous conduct

24    outside of the normal scope of the employment relationship.

25

26         66.    Defendants, and each of them, through their agents and employees, knew or

27    reasonably should have known that their acts and failures to act as alleged herein would result in

28    Ms. Smith 's severe emotional distress, and said conduct was perpetrated by Defendants, and

                                        18

1  each of them, with the intent to inflict, or with reckless disregard of the probability of inflicting,

2  humiliation, mental anguish, and severe emotional distress upon Ms. Smith .

3

4       67.     As a direct and proximate result of Defendants' unlawful acts and failure to act,

5  (1) Ms. Smith has suffered and will continue to suffer pain and suffering, severe mental anguish

6  and emotional distress; (2) Ms. Smith has incurred and will continue to incur expenses related

7  thereto; and (3) Ms. Smith has suffered and continues to suffer a loss of earnings and other

8  employment benefits. Ms. Smith is therefore entitled to general and compensatory damages in

9  amounts to be proven at trial.

10

11       68.     In committing the wrongful acts and failures to act described above, Defendants,

12  and each of them, knew their actions were unlawful, and committed such acts either maliciously,

13  fraudulently, and oppressively and with the wrongful intention of injuring Ms. Smith , with an

14  improper motive amounting to malice, and/or in conscious disregard of Ms. Smith 's rights. By

15  reason of said conduct, Ms. Smith is entitled to recover exemplary damages from Defendants and

16  each of them.

17

18                           **PRAYER FOR RELIEF**

19       WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and

20  against Defendants, and each of them, and award the following relief:

21

22       1.     For compensatory damages including economic losses, lost wages, benefits,

23  medical bills, mental and emotional distress, and other special and general damages according to

24  proof;

25       2.     Exemplary damages;

26       3.     Reasonable attorneys' fees pursuant to California Government Code Section

27              12940 *et seq.* and any other applicable laws;

28       4.     For prejudgment interest at the applicable rate;

COMPLAINT

5.      Costs as permitted by law; and

6.      Such other and further relief as the Court deems just and proper.

Date:  April 19, 2012                    LERMAN POINTER & SPITZ LLP

                                         Glenn E. Lerman
                                         Attorneys for Plaintiff Brittany Smith

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Date:  April 19, 2012                    LERMAN POINTER & SPITZ LLP

                                         Glenn E. Lerman
                                         Attorneys for Plaintiff Brittany Smith

20

COMPLAINT

# EXHIBIT "A"

From: Smith, Brittany
Sent: Saturday, February 18, 2012 1:36 PM
To: Thomke, Pauline
Subject: Brittany Smith_ Westwood #7404

02.18.12

Hi Pauline,
I have been trying to reach you for a few weeks now via phone calls. I have left you a few voice mails to no avail. I have a situation that I need your
guidance/direction on. It is very important; I am a Sabbath observant and need to have those days off for my religion. I have spoke to my manager
about it, and she said that she cannot give me those days off. I do not know what to do from here. I called HR and they gave me your number. Do I
need some sort of letter from my Rabbi? If you could please contact me back as soon as possible, I would greatly appreciate it. Observing the Sabbath

is not an option for me but an obligation. I know that by law I am protected for religious observance and do not know what step to take next. I will also need Jewish holidays off. I hope to hear from you soon. My cell is 310-904-3536.

Thank you,

Brit Smith

**Brittany Smith**
**Retail Sales Associate**

1142 Westwood Blvd. #7404
Los Angeles, CA 90024
Store: (310) 209-1888
Fax: (310) 209-1868
▫T▫ ▫ ▫Mobile▫ stick together

2

# EXHIBIT "B"

Smith, Brittany

| | |
|---|---|
| **From:** | Smith, Brittany |
| **Sent:** | Tuesday, February 21, 2012 12:44 PM |
| **To:** | Kranicki, Jody |
| **Subject:** | Request for availability change_Brit |

Hey Jody,
I wanted to recap with you once more about having off for Sabbath observance. I am Sabbath observant and need to have that day of the week off.  This is not an option but an obligation for me. In Judaism (which is what I practice), the Sabbath starts from sundown Friday and goes until an hour after sundown on Saturday. Therefore, I would need to be off on Fridays by 1pm at the latest - taking the drive & preparation into consideration. This is very important for me, and I will be waiting for your response...hoping it will be different this time. Can I please have off for Sabbath observance??

Thanks Jody!


**Brittany Smith**
**Retail Sales Associate**
1142 Westwood Blvd. #7404

Los Angeles, CA 90024
Store: (310) 209-1888
Fax: (310) 209-1868
□T□ □ □Mobile□ stick together

# EXHIBIT "C"

Brittany Smith —P12488120
322 E Cedar Ave. Apt N
(310) 904-3536
February 26, 2012
RE: Denial of Time off for Sabbath Observance


T-Mobile
Philipp Humm
12920 SE 38th St.
Bellevue, WA 98006

For the Attention of T-Mobile CEO Philipp Humm

Dear Philipp Humm,

Subject: Denial of Time off for Sabbath Observance

I am writing to inform you of a situation that I have going on at work. I definitely wanted to get you involved due to the lack of help from my manager. I work at the Westwood location in Los Angeles, CA store #7404. I am Sabbath observant and need to have that day of the week off for religious observance. I have given this request to my manager and she denied it. I was just transferred to this location on January 1st. I also asked my manager at the previous location that I worked (#8841) and that manager also denied me having Saturdays off for Sabbath observance, stating to me that, "She is a manager and does not even get Saturdays off".

This is very important to me; for me having the Sabbath off is not an option but an religious obligation. I can work all other days of the week and times. I actually drive at a minimum of three hours a day to get to work because I was transferred to a location that needed immediate coverage. I am absolutely dedicated and loyal to not only helping the market that I work in but representing T-Mobile as a brand ambassador. Last month I actually led the Hollywood market in activations, ending with a total of 103! (High 5!) I have also contacted HR about this issue to no avail. My only request is that I can have the Sabbath and Jewish holidays off for religious observance, and be able to wear a black dress skirt that is below the knee in length with appropriate black stockings.

Thank you for your time and I look forward to hearing back from you as soon as possible with some sort of solution.

Sincerely,

Brittany Smith
Retail Sales Associate
1142 Westwood Blvd. #7404
Los Angeles, CA 90024
Store: (310) 209-1888
Brittany.Smith193@T-Mobile.com

**COMMUNICATION IN WRITING/E-MAIL ONLY**

# EXHIBIT "D"

## Smith, Brittany

| | |
|---|---|
| **From:** | Smith, Brittany |
| **Sent:** | Monday, February 27, 2012 5:04 PM |
| **To:** | Kranicki, Jody |
| **Subject:** | RE: Request for availability change_Brit |

Hey Jody,
I was just wondering if you got this email? I sent it to you last week. I did not get a response, but I have got other email's from you. Just making sure that you got it. Thanks! Hope to hear from you soon.

---

**From:** Smith, Brittany
**Sent:** Tuesday, February 21, 2012 12:44 PM
**To:** Kranicki, Jody
**Subject:** Request for availability change_Brit

Hey Jody,
I wanted to recap with you once more about having off for Sabbath observance. I am Sabbath observant and need to have that day of the week off.  This is not an option but an obligation for me. In Judaism (which is what I practice), the Sabbath starts from sundown Friday and goes until an hour after sundown on Saturday. Therefore, I would need to be off on Fridays by 1pm at the latest -taking the drive & preparation into consideration. This is very important for me, and I will be waiting for your response...hoping it will be different this time. Can I please have off for Sabbath observance??

Thanks Jody!


## Brittany Smith
## Retail Sales Associate

1142 Westwood Blvd. #7404

Los Angeles, CA 90024
Store: (310) 209-1888
Fax: (310) 209-1868
"T" · "Mobile" stick together

1

# EXHIBIT "E"

**Smith, Brittany**

| | |
|---|---|
| From: | Smith, Brittany |
| Sent: | Thursday, March 01, 2012 2:39 PM |
| To: | Thomke, Pauline |
| Subject: | Brittany Smith |

Hi Pauline,

I am writing you to basically recap our phone call from yesterday. If I understand correctly from our conversation, what you told me is that from the business standpoint of things, T-Mobile will not accommodate my needs for Sabbath observance, and that if I need to have the Sabbath off I should find a job that will accommodate my religious needs?? You also said that you spoke with my district manager about the request and suggested for him to also speak with me. I wanted to fill you in and let you know that Paul Lee spoke with my manager Jody Kranicki and asked her to speak to me on the issue. She told me once again that T-Mobile will not let me have off for Sabbath observance and if I have it correctly you told me the same thing. Pauline, thank you for your time and advise on the matter. Could you please send me an email response just verifying that we spoke and that I got all the info you supplied correct. Thanks!

Brittany

Smith

03.01.12

1

# EXHIBIT "F"

**Smith, Brittany**

| | |
|---|---|
| **From:** | Smith, Brittany |
| **Sent:** | Saturday, March 03, 2012 4:42 PM |
| **To:** | Thomke, Pauline |
| **Subject:** | Brittany Smith |

Pauline,
Jody asked to speak to me March 1st at the beginning of my shift, she told me that she was notified about me speaking to you concerning having Saturdays off for Sabbath observance. We had a pretty lengthy conversation about it. She explained to me that I have heard the same answer/response from the manager at store #8841, herself, Paul Lee, and now you (HR). She also brought up that this is the 3rd time we have had to have the same conversation, stating to me that now I have heard the same answer from three others in charge....and basically that I know the answer and now I need to choose, but T-Mobile will not accommodate this matter. I then said ok, if this is what it boils down to, then can she put the response in writing. She got angry and said no she wouldn't. She refused to even respond to my email. I asked her again and told her that I don't understand why this is a problem. She finally said that she would have to contact HR to find out if she could respond in writing?!

At this point, I am upset and confused as to why I get told things from leadership and then when I ask to have them document their response, it either changes, it is dodged, or management avoids it. I am being told something and then led in circles when I ask to have it in writing. I also wanted to let you know that I actually spoke with Paul Lee yesterday myself and he denied me having Saturdays off and also denied putting into writing what he answered. He also said "that he doesn't want to see me put myself through this". Paul also told me that "he's not trying to push me away, but if I have other job offers through my rabbi that accommodate my needed day off that I should take them".

Then, to top things off, yesterday when I got to work Jody calls me into the back and I get reprimanded for (supposed) things from over a month ago. Why now (after my conversation w/Paul) do I get spoken to and emailed about "Review of Expectations: Time and Attendance/T-Mobile Values/Policy Violation"?? And my co-workers do not get the same treatment. I feel as though, since I have given my request to change my availability I am being treated badly through means of retaliation. I feel like now, management is trying to find reasons get rid of me. This makes me feel discriminated against and very uncomfortable to be quite honest.
***I definitely wanted to make sure that I keep you in the loop since you are HR. I'm not sure who else to talk to at this point.

<div align="right">

Sincerely,
Brittany Smith

</div>

---

**From:** Thomke, Pauline
**Sent:** Thursday, March 01, 2012 2:44 PM
**To:** Smith, Brittany
**Subject:** Re: Brittany Smith

Brittany,

What you are stating is not accurate based on our conversation. I suggested you rrequest it through your leadership team. Thank you.

Sent by T-Mobile. America's First Nationwide 4G Network

**From:** Smith, Brittany
**Sent:** Thursday, March 01, 2012 02:38 PM
**To:** Thomke, Pauline

# EXHIBIT "G"



STATE OF CALIFORNIA · STATE AND CONSUMER SERVICES AGENCY                                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

March 12, 2012

SMITH, BRITTANY
322 EAST CEDAR AVENUE
BURBANK, CA 91502

RE:    E201112R8332-00
       SMITH/T-MOBILE USA, INC.

Dear SMITH, BRITTANY:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 12, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case
is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

DAVE MILLER
GENERAL COUNSEL
N/A
12920 SOUTH EAST 38TH STREET
BELLEVUE, WA 98006

DFEH-200-49 (06/06)

# *** EMPLOYMENT ***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**DFEH #**   E201112R8332-00

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

SMITH, BRITTANY

TELEPHONE NUMBER (INCLUDE AREA CODE)

(310)904-3536

ADDRESS

322 EAST CEDAR AVENUE

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| BURBANK, CA 91502 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME

T-MOBILE USA, INC.

TELEPHONE NUMBER (include Area Code)

(310)209-1888

DFEH USE ONLY

ADDRESS

1142 WESTWOOD BLVD.

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LOS ANGELES, CA 90024 | LOS ANGELES | 037 |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 500+ | 03/09/2012 | 00 |

THE PARTICULARS ARE:

I allege that on about or before **03/09/2012** , the following conduct occurred:

- ____ termination
- ____ laid off
- ____ demotion
- X ____ harassment
- ____ genetic characteristics testing
- X ____ constructive discharge (forced to quit)
- ____ impermissible non-job-related inquiry

- ____ denial of employment
- ____ denial of promotion
- ____ denial of transfer
- ____ denial of accommodation
- X ____ failure to prevent discrimination or retaliation
- X ____ retaliation
- X ____ other (specify) Failure to accommodate need for Sabbath observance. Discrimination.

- ____ denial of family or medical leave
- ____ denial of pregnancy leave
- ____ denial of equal pay
- ____ denial of right to wear pants
- ____ denial of pregnancy accommodation

by   T-MOBILE USA, INC.

Name of Person ____    Job Title (supervisor/manager/personnel director/etc.) ____

because of :

- ____ sex
- ____ age
- X ____ religion
- ____ race/color

- ____ national origin/ancestry
- ____ marital status
- ____ sexual orientation
- ____ association

- ____ disability (physical or mental)
- ____ medical condition (cancer or genetic characteristic
- ____ other (specify)

- ____ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

I HAVE RECENTLY BECOME SABBATH OBSERVANT. I AM IN THE PROCESS OF CONVERTING TO ORTHODOX JUDAISM. MY STRONGLY HELD RELIGIOUS BELIEFS, AS WELL AS THE REQUIREMENTS OF JUDAISM, PREVENT ME FROM WORKING ON THE SABBATH (FROM SUNDOWN FRIDAY UNTIL SUNDOWN SATURDAY). IN INFORMED MANAGEMENT AT T-MOBILE U.S.A., INC. (T-MOBILE") THAT I WAS SABBATH OBSERVANT AND THAT IT WAS A REQUIREMENT OF MY RELIGION THAT I NOT WORK ON SATURDAYS. I INFORMED T-MOBILE THAT THIS WAS A REQUIREMENT OF MY RELIGION, NOT A CHOICE. I INFORMED TWO OF MY RETAIL STORE MANAGERS, MY DISTRICT MANAGER, AND HUMAN RESOURCES. EVERY MANAGEMENT INDIVIDUAL WITH WHOM I

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 03/12/2012

At  Los Angeles

DATE FILED:  03/12/2012

DFEH-300-03o (02/06)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# \* \* \* EMPLOYMENT \* \* \*

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH #     E201112R8332-00

DFEH USE ONLY

State of what you believe to be the reason(s) for discrimination

I HAVE RECENTLY BECOME SABBATH OBSERVANT.  I AM IN THE PROCESS OF CONVERTING TO ORTHODOX JUDAISM.  MY STRONGLY HELD RELIGIOUS BELIEFS, AS WELL AS THE REQUIREMENTS OF JUDAISM, PREVENT ME FROM WORKING ON THE SABBATH (FROM SUNDOWN FRIDAY UNTIL SUNDOWN SATURDAY).  IN INFORMED MANAGEMENT AT T-MOBILE U.S.A., INC. ("T-MOBILE") THAT I WAS SABBATH OBSERVANT AND THAT IT WAS A REQUIREMENT OF MY RELIGION THAT I NOT WORK ON SATURDAYS. I INFORMED T-MOBILE THAT THIS WAS A REQUIREMENT OF MY RELIGION, NOT A CHOICE.  I INFORMED TWO OF MY RETAIL STORE MANAGERS, MY DISTRICT MANAGER, AND HUMAN RESOURCES. EVERY MANAGEMENT INDIVIDUAL WITH WHOM I SPOKE TOLD ME, REPEATEDLY, THAT T-MOBILE WOULD NOT PROVIDE ME WITH AN ACCOMMODATION.  TO MAKE MATTERS WORSE, MY MANAGER BEGAN TREATING ME POORLY AND THEN REPRIMANDED ME FOR SOMETHING I DID OVER A MONTH AGO. T-MOBILE TOLD ME I HAD TO CHOOSE BETWEEN MY RELIGION AND MY JOB.  I CHOSE MY RELIGION AND TURNED IN A CONSTRUCTIVE TERMINATION NOTICE ON MARCH 9, 2012.

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Glenn E. Lerman, Esq. - SBN 142840
LERMAN POINTER & SPITZ LLP
12100 Wilshire Boulevard
Suite 500
Los Angeles, California 90025-7124
TELEPHONE NO.: (310) 229-9800    FAX NO.: (310) 229-9804
ATTORNEY FOR *(Name):* Plaintiff, Brittany Smith

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 20 2012

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
Rogers Juliano

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, California 90017
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Brittany Smith v. T-Mobile USA, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC483194 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* Five (5)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 19, 2012

Glenn E. Lerman, Esq. - SBN 142840
*(TYPE OR PRINT NAME)*                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller
    - Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Brittany Smith v. T-Mobile USA, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL ___ [ ] HOURS/ [5] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

---

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

---

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage<br>[ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons<br>[ ] A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250  Premises Liability (e.g., slip and fall)<br>[ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270  Intentional Infliction of Emotional Distress<br>[ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: | Brittany Smith v. T-Mobile USA, Inc. | CASE NUMBER | |
|---|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2, (3.) |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Brittany Smith v. T-Mobile USA, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.0<br>Page 3 of 4

| SHORT TITLE: Brittany Smith v. T-Mobile USA, Inc. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | ADDRESS: 1142 Westwood Boulevard |
|---|---|

| CITY: Westwood | STATE: CA | ZIP CODE: 90024 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __April 19, 2012__

(SIGNATURE OF ATTORNEY/FILING PARTY)

Glenn E. Lerman, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number

BC485194

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| | | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Michael P. Linfield | 10 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Fredrick C. Shaller | 46 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| | | | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle\*** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | |

\*Class Actions
All class actions are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave, Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____

JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation is particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

Party Select Panel: The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Random Select Panel: The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Private Neutral: The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5695 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 109 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR


Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT**
**ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation
☐ Non-Binding Arbitration
☐ Binding Arbitration
☐ Early Neutral Evaluation
☐ Settlement Conference
☐ Other ADR Process (describe):

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 091 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**

**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

| PLAINTIFF: | |
|---|---|
| DEFENDANT: | |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          > _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR PLAINTIFF)

Date:

_____          > _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR DEFENDANT)

Date:

_____          > _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR DEFENDANT)

Date:

_____          > _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR DEFENDANT)

Date:

_____          > _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR _____)

Date:

_____          > _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR _____)

Date:

_____          > _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX. NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

➢ _____

(ATTORNEY FOR PLAINTIFF)

➢ _____

(ATTORNEY FOR DEFENDANT)

➢ _____

(ATTORNEY FOR DEFENDANT)

➢ _____

(ATTORNEY FOR DEFENDANT)

➢ _____

(ATTORNEY FOR _____)

➢ _____

(ATTORNEY FOR _____)

➢ _____

(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| | | | | |
| TELEPHONE NO.: | FAX NO. (Optional): | | | |
| E-MAIL ADDRESS (Optional): | | | | |
| ATTORNEY FOR (Name): | | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____ )

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____ )

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:  _____

_____
JUDICIAL OFFICER

**EXHIBIT "B"**

1    ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
2    AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
   501 West Broadway, 15th Floor
3    San Diego, California 92101-3541
   Phone:  (619) 233-1155
4    Fax:  (619) 233-1158
   E-Mail:  awintersheimer@allenmatkins.com
5
   Attorneys for Defendant
6    T-MOBILE USA, INC.

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10   BRITTANY·SMITH, an individual,       Case No. BC483194

11           Plaintiff,          ASSIGNED FOR ALL PURPOSES TO:
                         Hon. Michael L. Stern

12        v.                  Dept. 62

13   T-MOBILE USA, INC., a Delaware    **NOTICE TO SUPERIOR COURT AND**
   Corporation; and DOES 1 through 20, inclusive,   **ADVERSE PARTY OF REMOVAL TO**
14                              **FEDERAL COURT**
          Defendants.
15                             Complaint Filed:    April 20, 2012

16        TO THE CLERK OF THE COURT AND TO PLAINTIFF AND HER ATTORNEYS OF

17   RECORD:

18        PLEASE TAKE NOTICE THAT a Notice of Removal of Action was filed in the United

19   States District Court for the Central District of California on May 25, 2012.  A copy of the said

20   Notice of Removal is attached to this Notice as Exhibit "1" and is served and filed herewith.

21        PLEASE TAKE FURTHER NOTICE THAT pursuant to 28 U.S.C. § 1446(d), the filing of

22   the Notice of Removal in the United States District Court, together with the filing of a copy of that

23   Notice of Removal with the Clerk of this Court, effects a complete removal of this action to the

24   United States District Court.

25   Dated:  May 25, 2012           ALLEN MATKINS LECK GAMBLE
                         MALLORY & NATSIS LLP
26
27                    By:  *Amy Wintersheimer Findley*
                         AMY WINTERSHEIMER FINDLEY
28                        Attorneys for Defendant
                       T-MOBILE USA, INC.

**EXHIBIT "C"**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 24 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

1  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
2  AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
   501 West Broadway, 15th Floor
3  San Diego, California 92101-3541
   Phone: (619) 233-1155
4  Fax: (619) 233-1158
   E-Mail: awintersheimer@allenmatkins.com

5
   Attorneys for Defendant
6  T-MOBILE USA, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10 | BRITTANY SMITH, an individual,         | Case No. BC483194

11 |                Plaintiff,              | ASSIGNED FOR ALL PURPOSES TO:
   |                                        | Hon. Michael L. Stern
12 |        v.                              | Dept. 62

13 | T-MOBILE USA, INC., a Delaware         | **DEFENDANT'S ANSWER TO**
   | Corporation; and DOES 1 through 20,    | **PLAINTIFF'S COMPLAINT**
14 | inclusive,

15 |                Defendants.             | Complaint Filed:   April 20, 2012

16        Defendant T-MOBILE USA, INC., answers Plaintiff's unverified complaint as follows:

17        Pursuant to California Code of Civil Procedure section 431.30, Defendant denies generally

18 each and every allegation of Plaintiff's unverified complaint.

19                        **FIRST AFFIRMATIVE DEFENSE**

20                            (To All Causes of Action)

21        The complaint, and each cause of action, fails to state facts sufficient to constitute a cause

22 of action.

23                        **SECOND AFFIRMATIVE DEFENSE**

24                            (To All Causes of Action)

25        Plaintiff's causes of action are barred, in whole or in part, by the applicable statute of

26 limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338,

27 339 and/or 340, and California Government Code section 12960.

28 /////

### THIRD AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

Defendant is informed and believes, and on that basis alleges that Plaintiff has failed, refused, or neglected to mitigate or avoid the damages complained of in her complaint. By reason of the foregoing, Plaintiff is barred in whole or in part from recovering monetary damages from Defendant.

### FOURTH AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

By reason of Plaintiff's conduct, she is barred under the doctrine of unclean hands from all forms of relief sought in her complaint.

### FIFTH AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

To the extent that Plaintiff has failed to properly exhaust the administrative remedies as required by the California Fair Employment and Housing Act, California Government Code section 12900 et seq. and Labor Code § 2698 (2699.3) et seq., Plaintiff is barred from maintaining her causes of action.

### SIXTH AFFIRMATIVE DEFENSE

#### (To All Causes of Action)

To the extent that the allegations contained in the complaint are not reasonably related to the claims in any complaint Plaintiff may have filed with the Department of Fair Employment and Housing or Equal Employment Opportunity Commission, Plaintiff is barred from maintaining her cause of action.

### SEVENTH AFFIRMATIVE DEFENSE

#### (To Fifth Cause of Action)

Plaintiff's fifth cause of action for intentional infliction of emotional distress is barred by the exclusive remedies provided by workers' compensation, California Labor Code section 3600 et seq.

/ / / / /

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

786010.01/SD

-2-

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

(To All Causes of Action)

Plaintiff's claims for punitive damages are barred because California laws, rules and procedures regarding the conduct in question are unconstitutional under *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003), the California and U.S. Constitution, and deny due process.

**NINTH AFFIRMATIVE DEFENSE**

(To All Causes of Action)

Plaintiff fails to state facts sufficient to support an award of punitive damages.

**TENTH AFFIRMATIVE DEFENSE**

(To All Causes of Action)

Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this action, if and to the extent that any such act is found, recovery of punitive damages against Defendant is unconstitutional under various provisions of the United States Constitution including, but not limited to, the due process clause of the Fifth Amendment, and section 1 of the Fourteenth Amendment. In addition, the recovery of punitive damages against Defendant is unconstitutional under various provisions of the California Constitution, including, but not limited to, the excessive fines clause of section 17 of Article I and the due process clause of section 1 of Article I.

**ELEVENTH AFFIRMATIVE DEFENSE**

(To All Causes of Action)

Defendant presently has insufficient knowledge and/or information with which to form a belief as to whether or not it may have additional as yet unstated affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event that discovery and/or investigation indicates that additional affirmative defenses would be appropriate.

WHEREFORE, this answering Defendant prays that:

1.     Plaintiff be denied relief by way of her complaint;

2.     Plaintiff's complaint be dismissed with prejudice;

3.    Defendant be dismissed with its costs of suit and attorneys' fees; and

4.    For such other and further relief as the court deems proper.

Dated:  May 24, 2012

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
AMY WINTERSHEIMER FINDLEY
Attorneys for Defendant
T-MOBILE USA, INC.

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of eighteen (18) and am not a party to this action.  My business address is 501 West Broadway, 15th Floor, San Diego, California 92101-3541.

On May 24, 2012, I served the within document(s) described as:

- DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

on the interested parties in this action as stated below:

| | |
|---|---|
| Glenn E. Lerman, Esq. | Attorneys for Plaintiff BRITTANY SMITH |
| Karen E. Pointer, Esq. | **Served via Mail** |
| LERMAN POINTER & SPITZ LLP | |
| 12100 Wilshire Blvd., Suite 600 | Telephone:  (310) 229-9800 |
| Los Angeles, CA 90025 | Facsimile:  (310) 229-9804 |

☒    **BY MAIL:**  I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in San Diego, California for collection and mailing pursuant to the firm's ordinary business practice.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 24, 2012, at San Diego, California.

| | |
|---|---|
| Susan L. Pierson | |
| (Type or print name) | (Signature of Declarant) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 4593 SJO (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   312 N. Spring St., Rm. G-8
   Los Angeles, CA 90012

[ ] **Southern Division**
   411 West Fourth St., Rm. 1-053
   Santa Ana, CA 92701-4516

[ ] **Eastern Division**
   3470 Twelfth St., Rm. 134
   Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>BRITTANY SMITH | **DEFENDANTS**<br>T-MOBILE USA, INC. |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Glenn E. Lerman, Esq. (SBN 142840)/Karen E. Pointer, Esq. (SBN 175063)<br>Lerman Pointer & Spitz LLP<br>12100 Wilshire Blvd., Suite 600, Los Angeles, CA 90025, (310) 229-9800 | Attorneys (If Known)<br>Amy Wintersheimer Findley, Esq. (SBN 163074)<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>501 W. Broadway, 15th Floor, San Diego, CA 92010<br>Telephone: (619) 233-1155 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1441(b) Diversity -- Removal of complaint for damages

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ CV12-4593

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No    ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case? ☑ No    ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
    ☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
    ☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Corporation under the laws of the State of Delaware, with headquarters and principal place of business in the State of Washington. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _Amy Westershire Findley_    Date  May 25, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |